# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ III, | Case No. 1:15-cv-01098-DAD-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| J. RAZO, et al., | |
| Defendants. | (Doc. 3) |

Plaintiff Manuel Antonio Gonzalez III ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2015. Concurrently with his complaint, Plaintiff filed a motion seeking a temporary restraining order and/or preliminary injunction prohibiting certain prison staff members from coming within two-hundred feet of him. Plaintiff also seeks the appointment of an investigator to meet with him every thirty days during the pendency of this action.

In part, Plaintiff's motion appears directed at satisfying the imminent danger exception to 28 U.S.C. § 1915(g). That issue is moot; section 1915(g) relates to Plaintiff's eligibility to proceed in forma pauperis and the filing fee for this action has been paid in full. Regarding the appointment of an investigator, "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (internal quotation marks and citation omitted), and there is no provision permitting the appointment of an investigator on Plaintiff's behalf.

Turning to the request for a temporary restraining order and/or preliminary injunction, Plaintiff states he is seeking that specific form of relief and is not seeking permanent injunctive relief in this action.[1]  However, federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994), and for each form of relief sought in federal court, Plaintiff must establish standing, *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.  *Summers*, 555 U.S. at 493 (quotation marks and citation omitted); *Mayfield*, 599 F.3d at 969.  In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

This case arises out of an alleged incident of physical force against Plaintiff on March 18, 2014, and the quality of the medical care he subsequently received for his injuries.  Plaintiff's claims arise from events which occurred between March 18, 2014, and June 2014 at California Correctional Institution, and as a result, Plaintiff is limited to seeking monetary damages to remedy the past violation of his rights.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660 (1983); *Mayfield*, 599 F.3d at 969-70.  The mere pendency of this action does not provide a broad jurisdictional basis upon which Plaintiff may seek a preliminary injunction directed at addressing his present conditions of confinement, 18 U.S.C. § 3626(a)(1)(A); *Summers*, 555 U.S.

---

[1] The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001),

2

at 493; *Mayfield*, 599 F.3d at 907; *accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992); *Lyons*, 461 U.S. at 101-09.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for the appointment of an investigator and for a temporary restraining order and/or preliminary injunction, filed on July 16, 2015, be DENIED.  18 U.S.C. § 3626(a)(1)(A). Fed. R. Civ. P. 65; Local Rule 231; *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 970.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 28, 2015**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

3