# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RAZO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01098-DAD-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT R.N. RICE BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NO. 50)<br><br>TWENTY-ONE DAY DEADLINE |

## I.  RELEVANT PROCEDURAL HISTORY

Manuel Antonio Gonzalez ("Plaintiff") is a state prisoner, and is the plaintiff in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes attendant state law claims. Plaintiff filed the complaint commencing this action on July 16, 2015. (ECF No. 1). This case now proceeds on Plaintiff's claims for unconstitutional excessive force against defendants Correctional Officer Razo and Correctional Officer Johnson; failure to protect against defendant Correctional Officer Blankenship; deliberate indifference to serious medical against defendant R.N. Rice and defendant Ybarra; retaliation in violation of the First Amendment against defendant Ybarra; assault and battery against defendants Correctional Officer Razo and Correctional Officer Johnson; negligence against defendant Correctional Officer Blankenship;

1

and medical malpractice against defendant R.N. Rice. (ECF Nos. 31, 36, & 54).

After the appropriate service documents were completed and returned (ECF No. 44), the Court ordered the United States Marshal Service ("the Marshal") to serve the defendants (ECF No. 49). On April 3, 2017, the summons for defendant R.N. Rice was returned unexecuted. (ECF No. 50). According to the Marshal, the "L/O" (litigation office) informed the Marshal that defendant R.N. Rice resigned in 2014, and did not leave a forwarding address or contact information. (Id.).

## II. SERVICE BY UNITED STATES MARSHAL

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.[2] Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal

---

[1] Fed. R. Civ. P. 4(m) was amended in 2015 to reduce the time for serving a defendant from 120 days to 90 days. However, the time period to serve defendant R.N. Rice has expired under both the pre-amendment version of the rule and the current version rule.

[2] While Plaintiff is not proceeding *in forma pauperis*, the Court granted Plaintiff's request for service of process by the Marshal. (ECF No. 21).

2

with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

The return of service filed by the Marshal on April 3, 2017, indicates that, according to the litigation office, defendant R.N. Rice resigned in 2014 and did not leave a forwarding address or contact information. (ECF No. 50). There is no indication on the return of service that the Marshal received a response from defendant R.N. Rice. (Id.). The Marshal certified that he or she was unable to locate defendant R.N. Rice. (Id.).

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why the Court should not issue findings and recommendations, recommending that defendant R.N. Rice be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant R.N. Rice. If Plaintiff is unable to provide the Marshal with additional information, the Court will issue findings and recommendations to District Judge Dale A. Drozd, recommending that defendant R.N. Rice be dismissed from the case, without prejudice.

## III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to Judge Drozd, recommending that defendant R.N. Rice be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and
2. Failure to respond to this order may result in defendant R.N. Rice being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated: **May 15, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE