UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RAZO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01098-DAD-EPG (PC)<br><br>DISCOVERY ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

      Manuel Antonio Gonzalez ("Plaintiff") is a state prisoner, and is the plaintiff in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes attendant state law claims. On September 20, 2017, the Court held an Initial Scheduling Conference ("Conference"). Counsel Stanley Goff telephonically appeared on behalf of Plaintiff. Counsel David Carrasco telephonically appeared on behalf of Defendants. Plaintiff also telephonically appeared.

      During the Conference, the parties discussed the relevant documents in this case and their possible locations. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of the factors in Federal Rule of Civil Procedure 26(b)(1),[2]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

1

IT IS ORDERED[3] that:

1. Plaintiff shall serve his initial disclosures (see ECF No. 61) on Defendants by October 20, 2017;

2. Each party shall turn over to the opposing party copies of Plaintiff's medical records that they have obtained that are related to this case by October 20, 2017. If any party obtains any additional medical records related to this case, those records must be promptly disclosed to the opposing party. If any party has an objection to providing these documents to the opposing party, that party shall inform the opposing party that they are making the objection. The receiving party may challenge any objection by bringing it to the attention of the Court in a motion to compel; and

3. Also by October 20, 2017, each party shall turn over to the opposing party documents that they have obtained regarding any investigations (including witness statements and interviews) in connection with the incident that occurred on March 18, 2014. If any party obtains any additional documents regarding any investigations in connection with the incident that occurred on March 18, 2014, those documents must be promptly disclosed to the opposing party. If any party has an objection to providing these documents to the opposing party, that party shall inform the opposing party that they are making the objection.

\\\
\\\
\\\

---

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery.").

The receiving party may challenge any objection by bringing it to the attention of the Court in a motion to compel.

IT IS SO ORDERED.

Dated: **September 22, 2017**

/s/ *Eric P. Grosj*
UNITED STATES MAGISTRATE JUDGE