# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. RAZO, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01098-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DIRECTING THAT THE CLERK OF COURT SEND A COPY OF THIS ORDER TO MANUEL GONZALEZ AND THE LITIGATION COORDINATOR AT RICHARD J. DONOVAN CORRECTIONAL FACILITY<br><br>(ECF NO. 105) |

Manuel Antonio Gonzalez ("Plaintiff") is a state prisoner, and is the plaintiff in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes attendant state law claims. Plaintiff is represented by attorney Stanley Goff.

On September 22, 2017, at the request of Plaintiff and his counsel, the Court issued an order requiring the facility housing Plaintiff to facilitate a confidential telephone call between Mr. Gonzalez and his counsel (Mr. Goff) on October 10, 2017. (ECF No. 91). This time and date were set after consultation with Plaintiff and Mr. Goff.

On October 6, 2017, counsel for Defendants filed a "Notice of Attempt to Comply with Order re Confidential Phone Conferences Between Plaintiff and His Counsel." (ECF No. 97). That document describes how the Warden and staff at Richard J. Donovan Correctional Facility (RJD) attempted to comply with the Court's order, but Plaintiff's attorney, Mr. Goff, failed to follow-through with the necessary paperwork to facilitate the call. The notice included a declaration from D. McGuire, litigation coordinator at RJD, describing attempts to communicate with Mr. Goff to facilitate the call and comply with the Court's order.

1

1    The Court then requested a response from the Plaintiff. (ECF No. 98). Plaintiff's attorney, Mr. Goff, responded on October 20, 2017 explaining that he was not available on the date of the scheduled call (despite setting the time himself) so decided not to fill out the paperwork. Mr. Goff concludes "Plaintiff's counsel believed and still is under the honest belief that since he and Plaintiff requested the phone calls, that either he or Plaintiff would be entitled to choose not to have the phone calls if some circumstance arose preventing them from having the phone call, such as the above mentioned scheduling conflict." (ECF No. 103, at p. 2) In other words, Plaintiff's attorney is the one who decided not to go forward with the Court-ordered call.

On October 30, 2017, Plaintiff filed a motion for sanctions. (ECF No. 105). According to Mr. Gonzalez, the litigation coordinator at Richard J. Donovan Correctional Facility (D. McGuire) abused his power and violated a court order because he did not set up the telephone call scheduled for October 10, 2017.[1] Among other things, Plaintiff requests that Richard J. Donovan Correctional Facility be sanctioned and be ordered to comply with Court orders.

Plaintiff's motion to sanction RJD facility will be denied. It was not staff at RJD who failed to comply with the Court's order--it was Plaintiff's own attorney who cancelled the call. Moreover, it appears that Plaintiff's attorney did not tell the Court, Plaintiff or the facility of his decision—he merely decided not to return necessary paperwork.

The facts summarized above resolve Plaintiff's motion for sanctions. But it does not resolve the Court's concern about Mr. Goff. The Court ordered the call because Mr. Goff allegedly needed to speak with his client to move forward with the discovery needed in this case. Mr. Goff's decision not to go forward with the call has interfered with his own ability to represent his client. Mr. Goff's decision has wasted the time of this Court and the RJD facility. The Court does not issue orders to the facility lightly. It did so only upon the showing of good

---

[1] Plaintiff's motion also alleges that the litigation coordinator failed to comply with a Court order directing Plaintiff to attend a telephonic hearing on March 29, 2017 (ECF No. 45), because Plaintiff was not allowed to telephonically attend the hearing. However, at the Court's direction (ECF No. 48), the litigation coordinator provided evidence that the reason Plaintiff was not allowed to attend the telephonic hearing is that Plaintiff did not notify the litigation coordinator about the hearing until after it ended. (ECF No. 53-1, p. 2). Plaintiff's motion does not address this evidence.

cause and based on the understanding the Mr. Goff was available at that time. Moreover, by not informing the Court, Plaintiff, and the facility of Mr. Goff's decision, the facility has gone through the added inconvenience of drafting declarations to explain why the call did not go forward. And, by not telling his own client, Plaintiff has filed misguided motions against the facility.

This is not the first time Plaintiff has been unable to communicate with Mr. Goff in this case, and this lack of communication between Mr. Goff and a client does not appear to be new. In a previous case in which Mr. Goff was counsel, Mr. Goff had to be directed by the Court to communicate with his client. <u>Cardoza v. Tann</u>, Case No. 1:11-cv-01386, Eastern District of California, ECF Nos. 94 & 95. The Court directs Mr. Goff's attention to California Rule of Professional Conduct 3-500, which states "[a] member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed."

Accordingly, based on the foregoing, IT IS ORDERED that Mr. Gonzalez's motion for sanctions is DENIED.

It is FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to Mr. Gonzalez and the litigation coordinator at Richard J. Donovan Correctional Facility.

IT IS SO ORDERED.

Dated: **November 2, 2017**  /s/ Eric P. Goj
UNITED STATES MAGISTRATE JUDGE