UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>J. RAZO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01098-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 107)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO MANUEL GONZALEZ |

Manuel Gonzalez ("Plaintiff") is a state prisoner, and is the plaintiff in this civil rights action filed pursuant to 42 U.S.C. § 1983, which includes attendant state law claims. Plaintiff is represented by attorney Stanley Goff. On December 7, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 107).

Plaintiff asks for appointment of counsel to assist his current counsel as co-counsel, due to institution staff interfering with Plaintiff's ability to communicate with his current counsel. "The co-counsel attorney would also ensure Plaintiff's arguments are adequately being presented to the Court without U.S. Const. rights being violated." Additionally, Plaintiff asks for co-counsel because he suffers from a serious brain injury, which left him intellectually challenged.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

1

Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

Plaintiff already has counsel. Accordingly, the Court will not appoint counsel for Plaintiff at this time. Moreover, even if Plaintiff did not have counsel, the Court would not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to Court orders.

While the Court notes Plaintiff's concerns with his inability to communicate with his current counsel, it does not appear that staff at Plaintiff's institution of confinement is interfering with Plaintiff's communications with his counsel. As the Court noted previously, it was Plaintiff's own counsel who decided not attend the scheduled confidential phone conference with Plaintiff. (ECF No. 106, p. 2). Notably, Mr. Goff has not tried to reschedule that call. It does not appear that institution staff did anything to interfere with the conference. Thus, the lack of communication with Plaintiff appears to be the fault of Plaintiff's current counsel—not Plaintiff's institution. As the Court also previously noted, "[t]his is not the first time Plaintiff has been unable to communicate with Mr. Goff in this case, and this lack of communication between Mr. Goff and a client does not appear to be new." (Id. at 3).

Thus, the Court shares Plaintiff's concerns about his current counsel, Mr. Goff. If

Plaintiff has an issue with how his counsel is communicating with him, he should address that issue with his counsel. If Plaintiff believes that his counsel's representation is inadequate, he may take the appropriate action including ending his representation and proceeding *pro se*, substituting counsel, or even taking action against Mr. Goff. But the Court will not appoint another counsel to assist Plaintiff's current counsel. So long as Plaintiff continues to retain Mr. Goff, Mr. Goff represents Plaintiff in this case.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings if it becomes necessary.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

It is FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to Mr. Gonzalez.

IT IS SO ORDERED.

Dated: **December 11, 2017**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE