UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>J. RAZO, et al.,<br><br>Defendants. | No. 1:15-cv-01098-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 58, 94) |

Plaintiff Manuel Antonio Gonzalez is a state prisoner proceeding with counsel in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On May 30, 2017, defendants Johnson, Blankenship, and Ybarra filed a motion for summary judgment in their favor on the grounds that plaintiff failed to exhaust his available administrative remedies prior to filing the present action as required. (Doc. No. 58.) On July 13 and 14, 2017, plaintiff filed oppositions to that motion. (Doc. Nos. 76–79.) On July 19, 2017, defendants filed their reply. (Doc. No. 81.)

On September 22, 2017, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be denied. (Doc. No. 94.) The parties were provided twenty-one days to file objections to those findings and recommendations. (*Id.* at 15.) Defendants did so on October 3, 2017. (Doc. No. 96.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

The court has reviewed defendants' objections to the findings and recommendations and finds them to be unpersuasive. Defendants first argue that in denying summary judgment, the assigned magistrate judge improperly relied upon plaintiff's Healthcare Appeal # 14036162 (the "Healthcare Appeal") in finding that plaintiff had exhausted his administrative remedies. In his opposition to defendants' motion for summary judgment, plaintiff made no reference to the Healthcare Appeal. Rather, the magistrate judge raised the issue regarding whether that inmate appeal served to exhaust plaintiff's claim at the oral argument on defendants' motion for summary judgment. Defendants object on the ground that consideration of this inmate appeal was unfair because it denied defendants "a fair opportunity to address the matter in the reply papers." (Doc. No. 96 at 3) (quoting *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001)).

Defendants' argument is not supported by the Ninth Circuit's opinion in *Carmen*. That case dealt with a similar factual scenario, in which the district court considering a motion for summary judgment conducted a thorough search of the record and became "in practical effect . . . the lawyer for the respondent." *Id.* The court held that a movant in such a situation would be unfairly deprived of an opportunity to respond "[u]nless the court holds oral argument and brings up the fruits of its search." *Id.* That is precisely what the magistrate judge did here. Indeed, defendants concede that "at the outset of the hearing of Defendants' summary-judgment motion, the Magistrate Judge inquired about Health Care Appeal 14036162." (Doc. No. 96 at 3.) Defendants were thus given every opportunity to respond to the issue. Moreover, in addition to having the opportunity to respond at the hearing, defendants were subsequently granted leave to file additional briefing on the issue, which they also did. (Doc. Nos. 84, 86.) The court rejects defendants' argument that the court's consideration of the Healthcare Appeal in assessing the question of exhaustion was in any way improper, given the subsequent opportunities provided by the court to their counsel to address the issue.

2

Defendants also object to the magistrate judge's recommendation that Inmate Appeal # 14-00637 (the "Inmate Appeal") exhausted all administrative remedies against defendants Johnson and Blankenship. Defendants argue that this Inmate Appeal only exhausted plaintiff's claim alleging excessive use of force against defendant Razo, and did not exhaust any claims against any other defendant. (Doc. No. 96 at 6.)

Defendants' objections focus on the specific legal theories at issue in this case—such as use of excessive force, failure to protect, or retaliation—and argue that plaintiff's inmate appeals were deficient for purposes of exhaustion because they did not address the legal theories defendants now identify. (*Id.* at 6–7) (arguing that plaintiff had not exhausted his administrative remedies "because Plaintiff did not give notice of any claim in that grievance other than his claim against Razo").) Defendants' focus is misplaced. In order to exhaust claims under the PLRA, a prisoner need only "alert prison officials to a problem." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation"). The grievance "need not include legal terminology or legal theories," nor is it necessary to "provide personal notice to a particular official that he may be sued." *Reyes*, 810 F.3d at 659 (citations omitted).

Here, defendants have moved for summary judgment on plaintiff's excessive use of force claim brought against defendant Johnson, and on plaintiff's failure to protect claim brought against defendant Blankenship. (Doc. No. 58-2 at 1–2.) Both of these claims arise from the March 18, 2014 incident in which plaintiff allegedly sustained severe injuries. Plaintiff's Inmate Appeal, which described this incident in detail, alerted prison officials to the problem that plaintiff sought to have remedied. (*See* Doc. No. 58-5 at 4.) The court is not persuaded that the findings and recommendations analysis as to this issue is in error and will therefore adopt the recommendation that summary judgment in favor of defendants Johnson and Blankenship be denied.

Defendants next argue that plaintiff's claims brought against defendant Ybarra for deliberate indifference and retaliation were not exhausted. The assigned magistrate judge found

3

that plaintiff's retaliation claim was exhausted by plaintiff's Inmate Appeal, and the deliberate indifference claim was exhausted by his Healthcare Appeal.

As to plaintiff's retaliation claim against defendant Ybarra, the findings and recommendations noted that plaintiff requested in his Inmate Appeal that "all facility staff [be] counseled on 'retaliation' . . . as I feel I'm being subjected to such treatment." (Doc. No. 58-5 at 6.) Defendants offer no explanation as to how this grievance failed to put prison officials on notice of plaintiff's claim. In his administrative grievance, plaintiff goes so far as to state that the particular legal theory he intends to pursue, although as stated above he was under no obligation to do so. Plaintiff has sufficiently exhausted his retaliation claim.

Finally, defendants argue that plaintiff's deliberate indifference claim brought against defendant Ybarra was also not exhausted. Defendants claim that plaintiff's Healthcare Appeal, in which he "complained about the denial of medical treatment or [*sic*] injuries he suffered in the alleged incident with Razo on March 18, 2014," did not put defendants on notice as to any deliberate indifference claim. (Doc. No. 96 at 7.)

However, in plaintiff's Healthcare Appeal he specifically stated that a P.A. treating him "acted in deliberate indifference, denying adequate medical care for serious head injury (3/18/2014)." (Doc. No. 86-1 at 5.) Once again, plaintiff's grievance presented not only his complaint but the precise legal theory upon which it was based — deliberate indifference — to the attention of prison officials, although not required to do so. In addition, in his grievance plaintiff referred specifically to the injury he suffered on March 18, 2014, stating that he was receiving inadequate medical treatment for them. As the magistrate judge noted, this statement in plaintiff's grievance "alerted the prison to the nature of the wrong, i.e., that Plaintiff was being denied medical care." (Doc. No. 94 at 13.) Plaintiff presented both his Healthcare Appeal and the Inmate Appeal to the third and final level of review. The court agrees with the conclusion reached in the findings and recommendations that plaintiff exhausted his administrative remedies prior to filing suit as required.

/////

/////

4

For these reasons,

1. The findings and recommendations dated September 22, 2017 (Doc. No. 94) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 58) is denied; and
3. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 19, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE