# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br><br>J. RAZO, et al.,<br><br>Defendants. | Case No. 1:15-cv-01098-DAD-EPG (PC)<br><br>UPDATED SCHEDULING ORDER<br><br>Settlement Conf.:  January 24, 2019<br>  Time: 1:00 p.m.<br>  Bakersfield (JLT)<br>Telephonic Trial<br>Confirmation Hearing: March 11, 2019<br>  Time: 1:30 p.m.<br>  Courtroom 5 (DAD)<br><br>Jury Trial:   May 14, 2019<br>  Time: 8:30 a.m.<br>  Courtroom 5 (DAD) |

With the input of the parties (ECF No. 131), the Court has determined that an earlier trial date is feasible in this case. Additionally, the parties have indicated that they believe this case would benefit from a second settlement conference. (Id.). Accordingly, the Court sets the following schedule for the remainder of this action.

**I.    SETTLEMENT CONFERENCE**

This case is set for a settlement conference before Magistrate Judge Jennifer L. Thurston on **January 24, 2019, at 1:00 p.m.**, at the U. S. District Court, 510 19th Street, Bakersfield, California, 93301. An order detailing the settlement conference procedures will issue in due course.

**II.    TELEPHONIC TRIAL CONFIRMATION HEARING**

A Telephonic Trial Confirmation Hearing is set for **March 11, 2019, at 1:30 p.m.**, in

1

Courtroom 5, before District Judge Dale A. Drozd.  To participate telephonically, you must dial into the conference at 877-402-9757, using access code 6966236, at the time of the hearing. Because the court may be hearing other matters using the same conference line, please wait to state your appearance until your case has been called and appearances are requested.  Keep all background noise to a minimum.

      1.      Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell

and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

       2.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The Court will review and rule on the motion(s) for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

Motion(s) for the attendance of incarcerated witnesses, if any, must be filed on or before **January 11, 2019**. Oppositions, if any, must be filed on or before **February 11, 2019**.

The parties are directed to file a joint pretrial statement that complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Word format to Judge Drozd's chambers at dadorders@caed.uscourts.gov.

The parties' attention is directed to Local Rules 281 and 282. This Court will insist upon strict compliance with these rules. At the pretrial conference, the Court will set deadlines to file motions *in limine*, final witness lists, exhibits, jury instructions, objections, and other trial

documents.

## III. TRIAL DATE

A trial is set for **May 14, 2019, at 8:30 a.m.**, in Courtroom 5, before District Judge Dale A. Drozd.

## IV. EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.* Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __**August 27, 2018**__          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4