1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        EASTERN DISTRICT OF CALIFORNIA

9

10   MANUEL ANTONIO GONZALEZ,                    Case No. 1:15-cv-01098-DAD-EPG (PC)

11                  Plaintiff,                   FINDINGS AND RECOMMENDATIONS,
                                                 RECOMMENDING THAT PLAINTIFF'S
                  v.                             MOTION TO ENFORCE SETTLEMENT
12                                               AGREEMENT BE DENIED
     J. RAZO, et al.,
13                                               (ECF No. 165)

14                  Defendants.                  OBJECTIONS, IF ANY, DUE WITHIN
                                                 FOURTEEN DAYS
15
                                                 ORDER DIRECTING CLERK TO SEND A
16                                               COPY OF PLAINTIFF'S MOTION (ECF
                                                 NO. 165) AND THESE FINDINGS AND
17                                               RECOMMENDATIONS TO SENIOR
                                                 ASSISTANT ATTORNEY GENERAL
18                                               MONICA ANDERSON

19

20

21         Manuel Gonzalez is a state prisoner, and is the plaintiff in this civil rights action filed

22   pursuant to 42 U.S.C. § 1983, which includes state law claims.  This case was closed on

23   January 30, 2019 (ECF No. 145), based on a stipulation for voluntary dismissal with prejudice,

24   which was filed on January 29, 2019 (ECF No. 144).  On February 21, 2019, Plaintiff filed a

25   *pro se* Motion to Enforce Settlement Agreement, Full Payment to Attorney, and/or to Allow

26   Plaintiff to Withdraw Settlement and Proceed with Trial.  (ECF No. 149).  This motion was

27   denied.  (ECF No. 162).

28         On March 29, 2021, Plaintiff filed another *pro se* Motion to Enforce the Settlement

1   Agreement.  (ECF No. 165).  Plaintiff appears to allege that the settlement amount was paid,

2   and $5,000 was collected to pay a restitution fine from Case No. TA059902.  However, on

3   August 6, 2020, the restitution amount owed was reduced from $5,000 to $2,500.  Despite this,

4   Plaintiff never received a $2,500 refund.  Plaintiff alleges that, in addition to violating the

5   settlement agreement, the California Department of Corrections and Rehabilitation ("CDCR")

6   is violating the law and his due process rights.  Plaintiff asks the Court to "notify" the

7   Defendants, their counsel, and the CDCR of their obligation to return the overpaid restitution

8   amount.

9           The Court will recommend that Plaintiff's motion be denied.

10          This case settled and was closed.  "When a district court dismisses an action with

11  prejudice pursuant to a settlement agreement, federal jurisdiction usually ends.  Ordinarily, a

12  dispute arising under a settlement agreement is a separate contract dispute requiring its own

13  independent basis for jurisdiction."  Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016)

14  (citations and internal quotation marks omitted).

15          Even if the Court has jurisdiction to enforce the settlement agreement, it appears that

16  the settlement payment has been made and the settlement has been completed under the terms

17  of the agreement.  Defendants had four months from September 25, 2019, to make the

18  settlement payment (ECF Nos. 160 & 162), and Plaintiff does not allege that this payment was

19  not timely made.  The restitution amount was reduced on August 6, 2020.  Thus, it appears that

20  the settlement payment was made, the correct amount was deducted from the settlement

21  payment, and Defendants met their obligations under the settlement agreement.  It was not

22  until months later that the restitution amount was reduced, and Plaintiff submitted no evidence

23  that the settlement agreement requires Defendants (or anyone else) to monitor restitution

24  amounts and issue a refund if the restitution amount is reduced after the settlement payment

25  has already been made.  Thus, there is no evidence that Defendants failed to comply with the

26  settlement agreement.

27          As this case is closed, and as there is no evidence that Defendants failed to comply with

28  the settlement agreement, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to

1    Enforce the Settlement Agreement (ECF No. 165) be DENIED.

2          This does not mean the Court is unsympathetic to Plaintiff.  According to Plaintiff, he

3    has tried many avenues to obtain the refund based on the order issued by the judge in his

4    criminal case, to no avail.  The Court notes, however, that Plaintiff says he was "instructed []

5    to file 'Gov't claim' and allow court to decide to return amount $2,500…."  (ECF No. 165, p.

6    4).  Plaintiff has not alleged that he filed a claim pursuant to the Government Claims Act, and

7    even if he did and it was denied, this closed case is not an appropriate avenue to seek relief.

8          The Court expresses its hope that, if Plaintiff is correctly portraying the facts, he can

9    obtain relief through such an action or some other means.[1]

10          These findings and recommendations are submitted to the United States district judge

11   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

12   (14) days after being served with these findings and recommendations, any party may file

13   written objections with the court.  Such a document should be captioned "Objections to

14   Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be

15   served and filed within seven (7) days after service of the objections.  The parties are advised

16   that failure to file objections within the specified time may result in the waiver of rights on

17   appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan,

18   923 F.2d 1391, 1394 (9th Cir. 1991)).

19          Additionally, IT IS ORDERED that the Clerk of Court is directed to send Senior

20   Assistant Attorney General Monica Anderson a copy of Plaintiff's motion (ECF No. 165) and

21   these findings and recommendations.

22

23   IT IS SO ORDERED.

24      Dated:   __March 31, 2021__              ___/s/ Erica P. Grosjean___

25                                              UNITED STATES MAGISTRATE JUDGE

26

27   _____

28        [1] The Court is simultaneously forwarding Plaintiff's motion and a copy of these findings and
     recommendations to the Office of the Attorney General, as an informal request for assistance, to the extent that
     the Office knows of the proper avenue to assist Plaintiff.