1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MANUEL ANTONIO GONZALEZ,              No. 1:15-cv-01098-DAD-EPG (PC)

12                Plaintiff,               ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS AND DENYING
13        v.                              EVIDENCE TO UNITED STATES
                                          ATTORNEY FOR REVIEW
14   J. RAZO, et al.,
                                          (Doc. Nos. 166, 169)
15                Defendants.

16

17

18        **PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT**

19        Manuel Antonio Gonzalez is a state prisoner proceeding *pro se*[1] and *in forma pauperis* in

20   this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United

21   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        This case was closed on January 30, 2019 (Doc. No. 145) following a stipulation for

23   voluntary dismissal with prejudice that was signed by counsel for both parties and filed with the

24   court on January 29, 2019.  (Doc. No. 144).  On February 21, 2019, plaintiff filed a *pro se* motion

25   seeking to enforce the parties' settlement agreement, the full payment to attorney, and/or to allow

26   ─────────────────────
     [1]  While plaintiff's most recent motions have been filed *pro se*, the court again notes that
27   plaintiff's counsel has not been substituted out as plaintiff's counsel of record, nor has plaintiff
     filed a notice of appearance indicating that he wishes to represent himself in this action in place of
28   his counsel of record.  (Doc. No. 162 at 2 n.1.)

                                          1

plaintiff to withdraw settlement and proceed with trial. (Doc. No. 149.) On September 25, 2019, this motion was denied because plaintiff had not established extraordinary circumstances justifying relief from the court's order closing the case pursuant to the parties' stipulation of voluntary dismissal given defendant's compliance with the settlement agreement and the absence of any showing by plaintiff that his consent to the settlement agreement was obtained through duress, menace, fraud, or undue influence. (Doc. Nos. 161, 162.)

On March 29, 2021, plaintiff filed another *pro se* motion to enforce the settlement agreement asserting that the restitution amount he owed was decreased by $2,500 on August 6, 2020 but that this money, which had been deducted from the settlement proceeds, was not refunded to him by the California Department of Corrections and Rehabilitation ("CDCR"). (Doc. No. 165.) On April 1, 2021, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's *pro se* motion to enforce the settlement agreement be denied because the amount of restitution owed was by plaintiff was not reduced until after "the settlement payment was made, the correct amount was deducted from the settlement payment, and Defendants met their obligations under the settlement agreement . . .." (Doc. No. 166 at 2.) Those findings and recommendations further stated that there was no evidence that defendants in this case breached the settlement agreement in this action in any way or would have been responsible for issuing a refund of the restitution amount paid after the later reduction in the amount of restitution owed by plaintiff. [2] (*Id.*) The findings and recommendations were served on the parties and contained notice that any objections thereto where to be filed within fourteen days after service. (*Id.* at 3.) On April 5, 2021, defendants timely filed a response to the findings and recommendations. (Doc. No. 167.) On April 14, 2021, plaintiff filed objections to the findings and recommendations. (Doc. No. 168.)

Defendants argue that the motion to enforce the settlement should be denied and the pending findings and recommendations be adopted because they complied with the material terms

---

[2] The assigned magistrate judge also *sua sponte* forwarded plaintiff's motion and a copy of the findings and recommendations to the Office of the Attorney General as an informal request for assistance with respect to any overpayment of restitution. (Doc. No. 166 at 3 n.1.)

of the settlement agreement in this case. (Doc. No. 167 at 3.) They also assert that plaintiff did not "overpay" the amount of restitution owed, because plaintiff's restitution balance was approximately $5,000 in May 2019, and the order reducing the restitution balance owed to $2,500 did not issue until August 6, 2020, over a year after this case was settled.[3] (*Id.*)

In his objections, plaintiff asserts that this court has jurisdiction over CDCR and is able to issue the relief he seeks. In the alternative, he argues that this court should revise its prior order dismissing this action from with prejudice to without, so that plaintiff might be able to re-file this action. However, plaintiff fails to cite any authority in support of his position in this regard, he does not address the relevant standards to modify a prior order of this court, and nothing further is provided that persuasively rebuts the conclusions reached in the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

## PLAINTIFF'S REQUEST TO FORWARD A COPY OF EVIDENCE TO THE UNITED STATES ATTORNEY FOR REVIEW

On April 26, 2021, plaintiff filed a request to forward a copy of all of the evidence in this case, including deposition transcripts, to the United States Attorney to review whether a federal hate crime had occurred based on events that, according to plaintiff, transpired on March 18, 2014. (Doc. No. 169.) Plaintiff had previously brought a nearly-identical motion on June 12, 2020, based on these alleged March 18, 2014 incidents (Doc. No. 163), which the assigned magistrate judge denied on June 15, 2020, because the court lacked jurisdiction to order the United States Attorney to file criminal charges against defendants and instructing plaintiff that if he "believes a crime occurred, he may report the crime to the appropriate authorities himself." (Doc. No. 164 at 2.)

/////

---

[3] Defendants also observe that it is "suspect," in their view, that plaintiff moved to reduce his restitution balance after receiving a $16,500 settlement in this case. (*Id*. at 3 n.3.)

In the pending motion, plaintiff has not established that this court has jurisdiction to order the requested relief, and thus this motion will also be denied for those reasons.

## CONCLUSION

Accordingly,

1.     The findings and recommendations issued on April 1, 2021 (Doc. No. 166) are adopted in full;

2.     Plaintiff's motion to enforce the settlement agreement (Doc. No. 165) is denied;

3.     Plaintiff's request to forward copy of all evidence to the United States Attorney for federal hate crime review (Doc. No. 169) is denied;

4.     This case shall remain closed; and

5.     No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **April 30, 2021**

UNITED STATES DISTRICT JUDGE