UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ANTONIO GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RAZO, et al.,<br>    Defendants. | No. 1:15-cv-01098-DAD-EPG (PC)<br><br><u>ORDER DENYING MOTION FOR RECONSIDERATION</u><br><br>(Doc. No. 171) |

    Manuel Antonio Gonzalez is a state prisoner proceeding *pro se*[1] and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    This case was closed on January 30, 2019 (Doc. No. 145) following a stipulation for voluntary dismissal with prejudice that was signed by counsel for both parties and filed with the court on January 29, 2019 (Doc. No. 144).

    On May 12, 2021, plaintiff filed a motion entitled motion to vacate judgment, dismissal, and to allow plaintiff to withdraw his plea, which the court construes as a motion for reconsideration under Federal Rule of Civil Procedure 60 of the order dismissing this case. (Doc. No. 171.) This motion is similar to two others plaintiff has brought since this case was closed almost two and one half years ago.

---

[1] While plaintiff's most recent motions have been filed *pro se*, the court again notes that plaintiff's counsel has not been substituted out as counsel of record, nor has plaintiff filed a notice of appearance indicating that he wishes to represent himself in this action in place of his counsel of record. (Doc. No. 162 at 2 n.1.)

1

The court has now twice adopted findings and recommendations recommending prior iterations of this motion be denied.[2] (Doc. Nos. 161, 162, 166, 170.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

/////

---

[2] Additional background information pertaining to those motions may be found in the court's May 3, 2021 order. (Doc. No. 170.)

Here, plaintiff's motion does not identify any basis under Rule 60 upon which this court should reconsider its order dismissing this action. Plaintiff has not set forth facts or law providing a basis upon which the court could reverse its prior decision. Therefore, plaintiff's motion for reconsideration is denied.

**CONCLUSION**

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 171) is denied;
2. The court shall not consider any further motions in this case which was closed long ago and any further filings will be disregarded; and
3. This case is to remain closed.

IT IS SO ORDERED.

Dated: **June 4, 2021**

UNITED STATES DISTRICT JUDGE